Curia, per Sutherland, J.
This is an action of trespass an¿ false imprisonment, brought by Brown against Demont. The trespass and imprisonment complained of, were the arrest and detention of Brown, under a ca. sa. in favor 0f James Jackson against him, for the cost of an • • ejectment suit, amounting to $232 08. "At the trial, the plaintiff gave in evidence an exemplification of the ca. sa.; an¿ a]s0 0f a certain judgment record in favor of James Jackson ex <lém. Joseph Demont, (the defendant here,) Ridwd Demont and others v. Carey Brown, (the plaintiff here,) for the recovery of certain premises ; and also for the sum of $232 08, for damages and’ costs, &c. On exemplification of this record, there was an entry that the judgment was set aside by a rule of the supreme court, as °f the term of February, 1826, for irregularity. A dePuty the sheriff of the county of Seneca testified, that he received a ca. sa. in favor of James Jackson against Carey Brown, in month of December, 1825, by virtue of which he arrested Brown, and committed him to the limits . 01 the jail.
Luther F. Stevens testified that he received a certified copy of the rule of the supreme court, setting aside the judgment, on the 17th day of April, 1826; and that he served the same on the sheriff within a day or two thereafter, who immediately discharged Brown from custody. 'pjie plantiff then rested ; and the defendant moved for & . . . nonsuit; 1. Because the issuing of a ca. sa. m the name *281 of James Jackson, and the service on Carey Brown, the defendant named therein, unaccompanied with any other proof, did not necessarily make the defendant, Demont, whose name is not mentioned in the writ, liable in an action of trespass and false imprisonment, at the suit of Brown.- 2. Because the judgment was voidable only; and, admitting that the defendant caused the ca, sa. to be issued, he is not liable to be sued as a trespasser, for any act done in good faith, in pursuance of the judgment, while it remained in full force, and not set aside. The judge refused •to nonsuit the plaintiff, and the jury, under his' charge, found a verdict for the plaintiff, for $50 damages.
I am inclined to think the evidence was not sufficient ■ to entitle the plaintiff to recover. The judgment in ejectment is in favor of James Jackson, and the execution for costs regularly issues in his name. .But when that execution is complained of, and an action of trespass is brought for an act done under it, the action being, not against the plaintiff in the execution, who is a nominal person, but against the lessor at whose instance and for whose benefit it Was issued, there must be some collateral evidence to connect the execution with the judgment and the lessor with the execution. There is nothing on the face of the execution to show that it was issued on the judgment, an exemplification of which Was produced at the trial, and in which the defendant was a lessor, except the coincidence between the sum recovered by the judgment and that mentioned in the execution. But that certainly cannot be sufficient of itself. There may have been a dozen suits in favor of different lessors against the same defendant, all depending on the same question, and to which the defence was the same; and in such a case, the costs in each would probably have been precisely the same.
It appears to me, therefore, that the plaintiff failed in showing that the judgment on which this execution was issued, had been set aside as irregular. The judgment proved had been set aside; but non constat that this execution was issued on that judgment; and the execution itself was regular and unimpeached.
*282 But admitting the execution to have been issued, upon that judgment, there is nothing in the case to show that it was issued by the defendant or his attorney, or that he was in any way privy to it, or had in' any manner recognized it. The deputy sheriff, who executed the ca. sa. was examined as a witness. He does not say that he received it from the defendant, or his attorney, or agent. The question does not appear to have been put to him. It certainly was incumbent on the plaintiff, in order tor make the defendant responsible in an action of trespass, for his arrest upon that writ to show' that he had some agency, either in fact or in judgment of. *law, in procuring it to be issued. * The defendant may have been aware that his judgment was irregular, and could not legally be enforced; and the execution may have been surreptitiously and improperly issued by some third person. Although it is not very probable that such was the fact, yet, we cannot, judicially say that it was not; and to hold the defendant responsible upon the evidence in this case, would be to establish the principle, that the plaintiff in a judgment is of course liable for every measure taken to enforce it, unless he can show that he did not direct or authorize the act complained of. This is inverting the order of proof, and imposing on the defendant the burthen of proving a negative, which the law never does, except in a very few peculiar cases. I am inclined to think the judge ought to have nonsuited the plaintiff; but if not, the verdict is against evidence; and on eithei ground a new trial ought to be granted.
New trial granted.